No. 1,975.

FRED. HOFFMAN, Administrator of the Estate of JOHN GOLLER, deceased, APPELLANT, *v.* CHARLES FETT AND HENRY BENFELDT, RESPONDENTS.

FRAUDS—STATUTE OF.—When a purchaser of real property, under a verbal agreement, pays the entire consideration of the purchase, enters into the possession of the property, and expends large sums of money upon it in its improvement, there is exhibited such a state of facts as will take the case out of the operation of the Statute of Frauds.

IDEM.—FURTHER ASSURANCE.—If there be a sale of real property, and the conditions of the sale, on the part of the purchaser, have been fully complied with, it will be presumed that the vendor undertook to make such a conveyance as will render the sale effective.

STATUTE OF LIMITATIONS.—If the transcript does not show when the suit was commenced, a question upon the Statute of Limitations cannot arise before this Court.

APPEAL from the District Court of the Fourteenth District, Placer County.

This action was brought to compel the execution of a conveyance to an interest in a mining claim, in performance of an alleged verbal agreement of purchase and sale. The defendants demurred to the complaint, on the ground, among others, "that the complaint did not aver any executory contract to convey said land to plaintiff's intestate, and did not state facts sufficient to constitute a cause of action." The demurrer was sustained by the Court below, and final judgment rendered thereon against the plaintiff. From which judgment this appeal was taken.

The other facts are stated in the opinion.

*Jo Hamilton*, Attorney General, for Appellant.

If A. purchases lands of B., pays the consideration and goes into possession of the premises, there is a part per-

formance of the contract and a trust results in favor of A. for its completion. Whether there was an express promise to convey or not, the consideration being paid and the purchaser in possession, he is treated in equity as the owner of the land, and may devise or dispose of it even before a conveyance is made ; and the vendor is deemed in equity to stand seized of the legal title for the benefit of his vendee, and the trust attaches to the land so as to bind the vendor, his heirs and everyone claiming under him as purchaser, with notice of the trust. (Dart on Vendors and Purchasers, note 1, pp. 114, 115 ; Story's Equity Juris. Vol. II, Sections 790, 980, 1212; *Hidden* v. *Jordan*, 22 Cal. 99; *Bayles* v. *Baxter*, 22 *Id.* 575 ; *Osborne* v. *Endicott*, 6 *Id.* 153 ; *Wells* v. *Robinson*, 13 *Id.* 139- 141 ; *Willard* v. *Hathaway*, 27 *Id.* 119 ; Hilliard on Real Property, 3d ed. Vol. I, pp. 311, 312, 319 ; Sugden on Vendors, 615 and 438.)

To the second question—" If a resulting trust, when does the Statute of Limitations commence to run in favor of the vendor in a suit in equity by the vendee for a specific performance ?"—I answer, not until there was a denial of the trust and a refusal to convey the legal title on demand. If the purchaser paid the consideration money and entered into possession of the land, equity (as before shown) at once treated him as the owner of the land, with power to devise, etc., and where there has been such part performance of a verbal contract of sale of land as to put the plaintiff in a situation which would operate as a fraud upon him, unless the verbal agreement should be enforced, entitles him to a decree for a specific performance of the contract. This is an elementary principle of equity. (See Story's Eq. Juris. Sec. 761 ; *Parkhurst* v. *Van Cortlandt*, 1 Johns. Ch. Rep. 284; *Lowery* v. *Tew*, 3 Bar. Ch. Rep. 413; *Hoen* v. *Simmons*, 1 Cal. 119 ; *Tohler* v. *Folsom*, 1 *Id.* 207 ; *Johnson* v. *Rickett*, 5 *Id.* 219 ; *Brown* v. *Covilland*, 6 *Id.* 566 ; *Arguello* v. *Edinger*, 10 *Id.* 150 ; *Farley* v. *Vaughn*, 11 *Id.* 227 ; *Owen* v. *Frink*, 24 *Id.* 171.)

*E. L. Craig*, for Respondents.

The pleading will be construed most strongly against the pleader, and it will be presumed that he has stated his case as favorably as his facts will warrant. The alleged agreement is to convey, etc., according to the intent and tenor of said sale and purchase; which said sale and purchase is said to have been intended to convey, and was understood, represented and believed to pass the legal title to the land.

These averments are manifestly repugnant to the idea of an executory agreement to convey by deed at some future day. For it would be a vain thing to repeat a conveyance which was intended, understood, represented and believed to be already done and perfected.

TEMPLE, J., delivered the opinion of the Court:

The amended complaint substantially charges that plaintiff's intestate, John Goller, on the second day of January, A. D. 1865, made a verbal purchase of an interest in a mining claim from the defendant, Benfeldt; that Goller was immediately put into possession by Benfeldt, and that both parties to the sale understood that the title to the interest sold passed to Goller, and intended that it should so pass; that Benfeldt received the entire consideration of the sale, and that Goller, relying upon the purchase, proceeded to prospect the mine, bought materials, run expensive tunnels, developed the mine and made it valuable; that during all this time he was encouraged by Benfeldt to expend money, and perform labor in developing the mine, under the belief that he was part owner, and that he continued in possession as owner, and continued to work upon the mine until after January 3d, 1866, at which time Benfeldt conveyed the entire mine, by deed, to the defendant, Fett, who purchased with full knowledge of Goller's equities, and that the sale was made to defraud Goller.

There can be no doubt that the facts stated in the complaint show a contract of sale, and that nothing remained to be done to render the same effectual, except the conveyance on the part of Benfeldt. It was not necessary that there

should have been an express agreement to execute a conveyance on the part of Benfeldt. If there was a sale, and the conditions of the sale have been fully performed on the part of the purchaser, it will be presumed that the vendor undertook to make such a conveyance as will render the sale effectual.

The facts stated in the complaint are clearly sufficient to show such a part performance as will take the contract out of the operation of the Statute of Frauds. The purchaser paid the entire consideration. He took possession, and was liable to be treated as a trespasser, unless he could invoke the protection of his contract. He expended large sums of money upon the mine. He developed it, and by his labor and money gave to it nearly its entire value. It would be a most palpable fraud, under the circumstances, to allow the vendor to decline to execute the contract.

The question of the Statute of Limitations does not arise in the case, for the transcript fails to show when the suit was commenced.

Judgment reversed.